[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————

No. 09-11922

————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-00305 CV-FTM-992PC

DIANE BANDSUCH,
as Personal Representative of the Estate
of Michael K. Bandsuch, Jr., Deceased,

Plaintiff-Appellee,

versus

WERNER ENTERPRISES, INC.,
a corporation,
PERCY L. JOHNSON,

Defendants-Appellants.

————

Appeal from the United States District Court
for the Middle District of Florida

————

(March 3, 2010)

Before DUBINA, Chief Judge, FAY, Circuit Judge, and EDENFIELD,[*] District Judge.

PER CURIAM:

Appellants Werner Enterprises, Inc. and Percy L. Johnson appeal a $2.95 million judgment against them in a wrongful death action. The Appellants contest three evidentiary rulings made by the district court, in addition to challenging the district court's decision not to grant a new trial based on the sufficiency of the evidence.

The issues presented on appeal are:

(1) Whether, under the Florida statutory privilege for statements relating to traffic accident reports, a police officer conducting a criminal investigation may testify in a civil case about a defendant's statements made during the investigation if the officer did not inform the defendant of his right to be silent during the investigation?

(2) Whether, under the "collateral matter" rule and Fed. R. Evid. 403's balancing provision, the district court abused its discretion in refusing to admit, as evidence of a witness's bias, vague testimony about a statement by the witness indicating his intent to testify in favor of the opposing party?

---

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

(3) Whether the district court abused its discretion in not granting a motion for new trial based on the movant's contention that the plaintiff was at least partially responsible for the accident, though all of the evidence the movant presented on the point was at least partially rebutted by the plaintiff?

(4) Whether the district court abused its discretion in declining to admit a videotape of a single occurrence that the proponent contended rebutted the opposing party's testimony regarding the appropriate standard of care?

This court reviews a district court's determination of state law *de novo*. *Price v. Time, Inc.*, 416 F.3d 1327, 1334 (11th Cir. 2005).[1]  A district court's decision on the admissibility of evidence is reviewed for abuse of discretion. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1276 (11th Cir. 2008).  This court also reviews for abuse of discretion a district court's order denying a motion for a new trial. *Bianchi v. Roadway Express, Inc.*, 441 F.3d 1278, 1282 (11th Cir. 2006).

---

[1] Bandsuch argues that the dispute over the admissibility of the accident report under Florida law actually comes to this court via the district court order denying the motion for a new trial, and that therefore this court's review is limited to determining whether the district court abused its discretion.  We have found no case law that supports Bandsuch's contention that a district court can insulate its interpretation of state law from *de novo* review by denying a motion for a new trial after the judgment.  Such reasoning would make *all* orders of the district court subject to abuse of discretion review after it denied a motion for a new trial.

Concerning the first issue presented in this appeal, we conclude that the judgment entered by the district court on the jury's verdict is due to be affirmed because the Appellants have failed to satisfy their burden in asserting the statutory privilege.  Moreover, we conclude from the record that the Appellants' remaining arguments are meritless.  Accordingly, we affirm the judgment entered on the jury's verdict.

**AFFIRMED.**